UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| JENNIFER BENNETT, individually, and as Personal Representative of the estate of JAMES BLANCOCOTTO,<br><br>Plaintiffs,<br><br>v.<br><br>STATE OF WASHNGTON, a State; CITY OF LAKE STEVENS, A Municipality, Mercedes Cruz, Nicole Law, Barbara Shelman, Steven Ondrashek, Kerry Bernhard, individually, and John/Jane Does 1-10,<br><br>Defendants. | No. 2:25-cv-00426-JHC<br><br>STIPULATED MOTION AND ORDER TO EXTEND DISCOVERY CUTOFF<br><br>Noting Date: August 5, 2026 |

**STIPULATION**

The parties, by and through their undersigned counsel, hereby jointly request another order approving the parties' request for a short extension to the current August 4, 2026, discovery cutoff, pursuant to Rules 6(b)(1) and 16(b) of the Federal Rules of Civil Procedure, LCR 16, and the current Scheduling Order, for the sole, limited purpose of continuing the August 3, 2026, deposition of Kathryn Bennett, which had to be cut short due to technological issues.

Fed. R. Civ. P. 6(b)(1) provides "[w]hen an act may or must be done within a specified time, the court may, ***for good cause***, extend the time:

> (A) with or without motion or notice if the court acts, or a request is made, before the original time or its extension expires; or
>
> (B) on motion made after the time has expired if the party failed to act ***because of excusable neglect***.

Fed. R. Civ. P. 6(b)(1) (emphasis added).

Fed. R. Civ. P. 16(b)(4) also holds that a case schedule order may be modified "only for good cause and with the judge's consent." The common law acknowledges this principle.

> In general, the pretrial scheduling order can only be modified "upon a showing of good cause." *Id*. at 608 (citing Fed. R. Civ. P. 16(b)). The pretrial schedule may be modified "if it cannot reasonably be met despite the diligence of the party seeking the extension." *Id.* at 609. If the party seeking the modification "was not diligent, the inquiry should end" and the motion to modify should not be granted. *Id*.

*Zivkovic v. S. Cal. Edison Co.*, 302 F.3d 1080, 1087 (9th Cir. 2002).

"Rule 16(b)'s 'good cause' standard primarily considers the diligence of the party seeking the amendment." *Johnson v. Mammoth Recreations*, 975 F.2d 604, 609 (9th Cir. 1992).

There is no trial date set in this matter. Kathryn Bennett's deposition commenced on August 3, 2026, but technological difficulties caused the early termination of her deposition. Ms. Bennett's continuation deposition has been re-noted for August 10, 2026, and will not be able to be completed by the current discovery cutoff date of August 4, 2026. Accordingly, the parties respectfully request a short extension of the discovery period to August 11, 2026.

Given the lack of a trial date, this short extension will not have any adverse effect on the expeditious resolution of this case.

DATED: August 5, 2026

KEATING, BUCKLIN & McCORMACK, INC., P.S.

By: */s/ Thomas P. Miller*
Thomas P. Miller, WSBA #34473
*Attorney for Defendants City of Lake Stevens and Kerry Bernhard*

LAW OFFICES OF EDWARD H MOORE PC

By: */s/ Edward H. Moore*
Edward H. Moore, WSBA # 41584
*Attorney for Plaintiff*

EVANS, CRAVEN & LACKIE, P.S.

By: */s/ Carl P. Warring*
Carl P. Warring, WSBA #27164
*Attorneys for Defendant State of Washington*

*I certify that this memorandum contains 389 words, in compliance with the Local Civil Rules.*

**ORDER**

THIS MATTER having come on regularly for hearing upon the stipulation of the parties above, and the Court being fully advised in the premises, now, therefore, it is hereby ORDERED that the discovery deadline be extended to August 11, 2026, for the sole, limited purpose of completing the deposition of Kathryn Bennett. The other deadlines in this matter shall remain unchanged.

DATED: August 5, 2026

John H. Chun
United States District Judge