UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

JENNIFER BENNETT, individually, and as Personal Representative of the estate of JAMES BLANCOCOTTO,

Plaintiffs,

v.

STATE OF WASHNGTON, a State; CITY OF LAKE STEVENS, A Municipality, Mercedes Cruz, Nicole Law, Barbara Shelman, Steven Ondrashek, Kerry Bernhard, individually, and John/Jane Does 1-10,

Defendants.

No. 2:25-cv-00426-JHC

STIPULATED MOTION AND ORDER TO EXTEND DISPOSITIVE MOTION DEADLINE

**Note on Motion Calendar:**
**August 20, 2026**

## STIPULATION

The parties, by and through their undersigned counsel, hereby jointly request another order approving the parties' request for a short extension to the current August 21, 2026, dispositive motion deadline, pursuant to Rules 6(b)(1) and 16(b) of the Federal Rules of Civil Procedure, LCR 16, and the current Scheduling Order.

Fed. R. Civ. P. 6(b)(1) provides "[w]hen an act may or must be done within a specified time, the court may, ***for good cause***, extend the time:

> (A) with or without motion or notice if the court acts, or a request is made, before the original time or its extension expires; or
>
> (B) on motion made after the time has expired if the party failed to act ***because of excusable neglect***.

Fed. R. Civ. P. 6(b)(1) (emphasis added).

Fed. R. Civ. P. 16(b)(4) also holds that a case schedule order may be modified "only for good cause and with the judge's consent." The common law acknowledges this principle.

> In general, the pretrial scheduling order can only be modified "upon a showing of good cause." *Id*. at 608 (citing Fed. R. Civ. P. 16(b)). The pretrial schedule may be modified "if it cannot reasonably be met despite the diligence of the party seeking the extension." *Id.* at 609. If the party seeking the modification "was not diligent, the inquiry should end" and the motion to modify should not be granted. *Id*.

*Zivkovic v. S. Cal. Edison Co.*, 302 F.3d 1080, 1087 (9th Cir. 2002).

"Rule 16(b)'s 'good cause' standard primarily considers the diligence of the party seeking the amendment." *Johnson v. Mammoth Recreations*, 975 F.2d 604, 609 (9th Cir. 1992).

In accordance with the Court's scheduling orders, the parties have been preparing their *Daubert* and dispositive motions for filing on August 21, 2026. Dkt. #35. However, Plaintiff's counsel is dealing with a health issue that adversely impacts his ability to meet the August 21 deadline for such motions. Plaintiff respectfully requests a two-week extension of the Daubert and dispositive motion deadline to September 4, 2026, to accommodate this issue. Defendants have no opposition and stipulate to that extension.

Given the lack of a trial date, this short extension will not have any adverse effect on the expeditious resolution of this case.

DATED: August 20, 2026

KEATING, BUCKLIN & McCORMACK, INC., P.S.

By: */s/ Thomas P. Miller*
Thomas P. Miller, WSBA #34473
*Attorney for Defendants City of Lake Stevens and Kerry Bernhard*

LAW OFFICES OF EDWARD H MOORE PC

By: */s/ Edward H. Moore*
Edward H. Moore, WSBA # 41584
*Attorney for Plaintiff*

EVANS, CRAVEN & LACKIE, P.S.

By: */s/ Carl P. Warring*
Carl P. Warring, WSBA #27164
Jack G. Zurlini, Jr., WSBA #30621
*Attorneys for Defendant State of Washington*

*I certify that this memorandum contains 371 words, in compliance with the Local Civil Rules.*

**ORDER**

THIS MATTER having come on regularly for hearing upon the stipulation of the parties above, and the Court being fully advised in the premises, now, therefore, it is hereby ORDERED that the dispositive motion and Daubert motion deadline be extended to September 4, 2026. The other deadlines in this matter shall remain unchanged.

DATED: August 21, 2026.

John H. Chun
United States District Judge