UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

JENNIFER BENNETT, individually, and as Personal Representative of the estate of JAMES BLANCOCOTTO,

Plaintiffs,

v.

STATE OF WASHNGTON, a State; CITY OF LAKE STEVENS, A Municipality, Mercedes Cruz, Nicole Law, Barbara Shelman, Steven Ondrashek, Kerry Bernhard, individually, and John/Jane Does 1-10,

Defendants.

No. 2:25-cv-00426-JHC

STIPULATED MOTION AND ORDER TO EXTEND SUMMARY JUDGMENT AND MOTION TO EXCLUDE NOTING DATES AND RELATED DEADLINES

**STIPULATION**

Plaintiff respectfully requests, and Defendants do not oppose, an order approving the parties' request for a short extension to the current noting dates and related deadlines for the summary judgment motions filed by Defendants and Plaintiff and the motion to exclude Dr. Whitehill filed by Defendants, pursuant to Rules 6(b)(1) and 16(b) of the Federal Rules of Civil Procedure, LCR 7(j), 16, and the current Scheduling Order. The September 21, 2026 deadline for the City of Lake Stevens and Kerry Bernhard's response to Plaintiff's Motion Regarding Spencer Fomby and for Plaintiff's response to Defendants' Motion to Exclude Certain Opinions of Russ Hicks remain as set, and any reply briefs, remain as currently noted and set.

Fed. R. Civ. P. 6(b)(1) provides "[w]hen an act may or must be done within a specified time, the court may, ***for good cause***, extend the time:

> (A) with or without motion or notice if the court acts, or a request is made, before the original time or its extension expires; or
>
> (B) on motion made after the time has expired if the party failed to act ***because of excusable neglect***.

Fed. R. Civ. P. 6(b)(1) (emphasis added).

Fed. R. Civ. P. 16(b)(4) also holds that a case schedule order may be modified "only for good cause and with the judge's consent." The common law acknowledges this principle.

> In general, the pretrial scheduling order can only be modified "upon a showing of good cause." *Id*. at 608 (citing Fed. R. Civ. P. 16(b)). The pretrial schedule may be modified "if it cannot reasonably be met despite the diligence of the party seeking the extension." *Id.* at 609. If the party seeking the modification "was not diligent, the inquiry should end" and the motion to modify should not be granted. *Id*.

*Zivkovic v. S. Cal. Edison Co.*, 302 F.3d 1080, 1087 (9th Cir. 2002).

"Rule 16(b)'s 'good cause' standard primarily considers the diligence of the party seeking the amendment." *Johnson v. Mammoth Recreations*, 975 F.2d 604, 609 (9th Cir. 1992).

Defendants State of Washington, Mercedes Cruz, Nicole Law, Barbara Shelman, and Steven Ondrashek, filed and served their summary judgment motion (dkt. #50) on September 4, 2026, and noted the motion for October 2, 2026. Defendants City of Lake Stevens and Kerry Bernhard filed their summary judgment motion (dkt. #42) on September 4, 2026 and noted the motion for October 2, 2026. Plaintiff filed a motion for partial summary judgment with respect to the City of Lake Stevens and Kerry Bernhard's. (dkt. #39.) Plaintiff filed that motion on September 4, 2026, and the City of Lake Stevens and Kerry Bernhard's response is due October 2, 2026. All Defendants also filed a Joint Motion to Exclude the Opinions of Mark H. Whitehill (dkt. #47) on September 4, 2026 and noted for September 25, 2026.

Plaintiff's counsel is still dealing with a health issue that adversely impacts his ability

to meet the September 25 deadline for responding to the motions. Additionally, Plaintiff's counsel currently must file 8 separate briefs (motions, responses, and/or replies) between September 21 and September 25. The summary judgment motions are lengthy, complicated and utilize a substantial number of exhibits.

Plaintiff respectfully requests a two-week extension of the noting date and related deadlines for (1) the summary judgment motion of the State of Washington, Mercedes Cruz, Nicole Law, Barbara Shelman, and Steven Ondrashek (dkt. #50); (2) the summary judgment motion of the City of Lake Stevens and Kerry Bernhard (dkt. #42); and (3) Plaintiff's motion for partial summary judgment as to Lake Stevens and Bernhard (dkt. #39). All responses would be due on October 9, 2026 and any replies would be due on October 16, 2026.

Plaintiff respectfully requests a one-week extension of the noting date and related deadlines for the Defendants' Joint Motion to Exclude Mark H. Whitehill (dkt. #47). Plaintiff's response to that motion would be due September 28, 2026, and any reply would be due October 5, 2026.

Defendants have no opposition and stipulate to the respective extensions of time. Given the lack of a trial date, this short extension will not have any adverse effect on the expeditious resolution of this case.

DATED: September 17, 2026

KEATING, BUCKLIN & McCORMACK, INC., P.S.
/s Thomas P. Miller
By: ______________________________
Thomas P. Miller, WSBA #34473
*Attorney for Defendants City of Lake Stevens and Kerry Bernhard*

I certify that this memorandum contains 690 words, in compliance with the Local Civil Rules.

LAW OFFICES OF EDWARD H MOORE PC

/s Edward H. Moore
By: ______________________________
Edward H. Moore, WSBA # 41584
*Attorney for Plaintiff*

EVANS, CRAVEN & LACKIE, P.S.

/s Carl P. Warring
By: ______________________________
Carl P. Warring, WSBA #27164
Jack G. Zurlini, Jr., WSBA #30621
*Attorneys for Defendant State of Washington*

**ORDER**

THIS MATTER came before the Court upon the stipulation of the parties above (Dkt. # 65), and the Court, having reviewed the stipulation and record and being fully advised, hereby ORDERS as follows:

1. Plaintiff's responses to the summary judgment motion of the State of Washington, Mercedes Cruz, Nicole Law, Barbara Shelman, and Steven Ondrashek (Dkt. # 50), and to the summary judgment motion of the City of Lake Stevens and Kerry Bernhard (Dkt. # 42), and the City of Lake Stevens and Kerry Bernhard's response to Plaintiff's motion for partial summary judgment (Dkt. # 39) will now be due on October 9, 2026, and any replies will be due on October 16, 2026.
2. Plaintiff's Response to Defendants' Joint Motion to Exclude the Opinions of Mark B. Whitehill (Dkt. # 47) will now be due on September 28, 2026, and any reply will be due on October 5, 2026.

Dated this 17th day of September, 2026.

John H. Chun
United States District Judge